# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41678
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUANE MICHAEL SHERIDAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-505-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

After a jury trial in the Southern District of Texas, Duane Michael Sheridan was convicted of two counts of transporting aliens within the United States, in violation of 8 U.S.C. § 1324—one count for transporting Luis Machaen-Lopez and one count for transporting Maria Cruz-Galindo, both citizens of Mexico. At a checkpoint in Falfurrias, Texas, United States Border Patrol agents found Machaen-Lopez and Cruz-Galindo in a large tool box in the back of a pickup truck driven by Sheridan, but owned by Sheridan's cousin. Sheridan's defense at trial partly depended on his supposed unawareness of the aliens in the back of the truck.

No. 15-41678

Sheridan now appeals his conviction, arguing that the district court abused its discretion in denying his request for a jury instruction like that found necessary in *United States v. Pennington*, 20 F.3d 593 (5th Cir. 1994). In *Pennington*, this court held that a jury can infer the knowledge element of unlawful drug possession from the defendant's control of a vehicle in which the drugs are contained, but that when the drugs are hidden, control alone is not sufficient to prove knowledge. *Id.* at 598, 600.

Sheridan requested the following instruction:

> The government may not rely only upon a defendant's ownership and control of a vehicle to prove the defendant knew that the aliens were present in the vehicle. The government must prove by competent evidence, beyond a reasonable doubt, that the defendant knew the aliens were in the vehicle, and therefore within his possession and control.

After denying Sheridan's proposed instruction, the district court instructed the jury according to the Fifth Circuit Pattern Jury Instructions:

> For you to find the defendant guilty of [transporting aliens], you must be convinced that the Government has proved each of the following beyond a reasonable doubt:
> One, that Luis Alberto Machaen-Lopez was an alien who had entered or remained in the United States in violation of the law;
> Two, that the defendant knew or recklessly disregarded the fact that said alien was in the United States in violation of the law; and
> Three, that the defendant transported or attempted to transport said alien, within the United States with the intent to further the alien's unlawful presence.

*See generally* Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.01B (2015).  The court also instructed that "Count Two is exactly the same," but applied to Maria Cruz-Galindo as the illegal alien.

We review the district court's "refusal to provide a requested jury instruction for an abuse of discretion." *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *Cooper Indus., Inc. v. Tarmac Roofing Sys., Inc.*,

No. 15-41678

276 F.3d 704, 714 (5th Cir. 2002)).  A district court abuses its discretion by failing to issue a defendant's requested instruction if the instruction "(1) is substantively correct; (2) is not substantially covered in the charge given to the jury; and (3) concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to present effectively a particular defense."  *United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005).  "'It is well-settled,' however, 'that a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law.'"  *United States v. Richardson*, 676 F.3d 491, 507 (5th Cir. 2012) (quoting *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009)).  Because the district court followed the Fifth Circuit Pattern Jury Instructions, the only issue is whether the charge is a correct statement of the law.  *Id.*

Sheridan argues that the district court's instruction (and by extension, the Fifth Circuit Pattern Jury Instruction) "took for granted Mr. Sheridan's awareness that 'said alien' (the hidden cargo) was present in the pickup truck." Sheridan also argues that the instruction "in no way" addresses whether the Government can rely on a defendant's control of a vehicle to prove that he knew aliens were present within the vehicle.

The actual language of the instruction renders Sheridan's concerns unfounded.  A jury's finding that a defendant "knew or recklessly disregarded the fact that [an] alien was in the United States in violation of the law" requires the jury to find that the defendant knows that a person, who is an alien, exists. Relatedly, the third element of the offense—that a defendant "transported . . . said alien within the United States with intent to further the alien's unlawful presence"—confirms both actual knowledge of an alien's presence as well as "intent to further the alien's unlawful presence."  In addition, the district court instructed the jury that knowledge cannot be shown by mistake or accident.

3

No. 15-41678

The district court's jury charge was a correct statement of the law relating to the crime of transporting aliens, and the court did not abuse its discretion in refusing to provide Sheridan's proposed supplemental instruction, borrowed from our constructive possession of narcotics caselaw. Accordingly, the judgment of the district court is AFFIRMED.