# United States Court of Appeals for the Fifth Circuit

No. 24-40351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Zenen Torres-Perdomo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-424-1

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Zenen Torres-Perdomo appeals his conviction of transporting an alien within the United States by means of a motor vehicle in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), (a)(1)(B)(ii). He argues that the district court abused its discretion by refusing to give several theory-of-defense instructions in the jury charge.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40351

"A district court's refusal to include a defendant's proposed jury instruction in the charge is reviewed under an abuse of discretion standard, and the trial judge is afforded substantial latitude in formulating his instructions." *United States v. Marchetti*, 96 F.4th 818, 829 (5th Cir. 2024) (internal quotation marks and citation omitted). A district court abuses its discretion if the requested instruction "(1) is substantively correct; (2) is not substantially covered in the charge given to the jury; and (3) concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to present effectively a particular defense." *Id.* (quoting *United States v. Lucas*, 516 F.3d 316, 324 (5th Cir. 2008)). In reviewing a jury charge, the charge must be examined in the full context of the trial including the final arguments of defense counsel. *See United States v. Comstock*, 974 F.3d 551, 557 (5th Cir. 2020). A district court does not err by giving a charge that tracks this court's pattern instructions and is a correct statement of the law. *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009).

The district court's instruction tracks this court's pattern jury instruction, was substantively correct, and substantially covered Torres-Perdomo's requested jury instructions. *See United States v. Sheridan*, 838 F.3d 671, 673 (5th Cir. 2016); *Whitfield*, 590 F.3d at 354; *Marchetti*, 96 F.4th at 829. Because the issue of knowledge as well as the defense's theory were substantially covered in the charges given to the jury, the omitted charges did not impair Torres-Perdomo's ability to present his defense. *See Comstock*, 974 F.3d at 557. Thus, the district court did not abuse its discretion by omitting Torres-Perdomo's requested jury instructions. *See Marchetti*, 96 F.4th at 829; *Comstock*, 974 F.3d at 557.

AFFIRMED.